CHARLES R. CHESNUTT, P.C.
2608 Hibernia Street, Office 107
Dallas TX 75204

COUNSEL FOR MELE VAITUULALA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

IN RE:                                                    CASE NO. 22-42980

    MELE L. VAITUULALA

DEBTOR

---

MELE L. VAITUULALA

versus

N AND K PROPERTIES, LLC

---

## COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF A LIEN

TO THE HONORABLE
EDWARD L. MORRIS
UNITED STATES BANKRUPTCY JUDGE

Now comes Mele L. Vaituulala and would show the Court the following:

**Jurisdiction**

This is an action to determine the extent of a lien and for damages. It is therefore a core proceeding and an arising under proceeding. This Court has jurisdiction pursuant to 28 USC §157(b)(1) and §157(b)(2)(K).

## Summary

This is an individual Chapter 11 that was filed on the eve of an eviction to void a pretended sale and illegal foreclosure. It was filed as a Chapter 11 in order to enable the debtor to file a plan outside of the scope of the Chapter 13 procedure in the event that the Court rules against her.

## Background

1. Mele Vaituulala resides at 2005 Stacey Court, Arlington TX ("Stacey Court") and has resided there for 40 years and at all times relevant herein. It has always been her homestead and based upon allegations contained herein, she was the rightful owner of the Stacey Court at the commencement of this case. It is and was her homestead.

2. At all times relevant, she was married to Al Vaituulala, Sr. who resided at Stacey Court with her until his death in December of 2022.

3. Their son Al Vaituulala, Jr. ("Albert Jr.") is and was at all times relevant a California investor and the owner of AK Builders and Coatings, Inc., a California corporation located in California.

4. In the fall of 2019, AK Builders wished to borrow $155,000 from N and K Properties, LLC, a California Limited Liability Company also located in California.

5. AK Builders needed collateral for the loan, so Alfred Jr. asked his father (A to put up Stacey Court as collateral to secure the loan from N and K Properties.

6. Accordingly, on October 28, 2019 Al Vaituulala, Sr. and Mele Vaituulala (the debtor) executed a *General Warranty Deed with Vendor's Lien* purportedly transferring Stacey Court to AK Builders. [1]

---

[1] Exhibit 1 (Deed)

7. AK Builders then executed a *Deed of Trust* in favor of N and K Properties encumbering Stacey Court to secure a $125,000 note payable to N and K Properties.[2]

8. No consideration was paid to either Al Vaituulala, Sr. or Mele Vaituulala for the sale of Stacey Court.

9. However, the Deed recites that the Grantee (AK Builders) executed a note for $125,000 payable to N and K Properties:

    > Consideration: Ten Dollars ($10.00) and a note of even date executed by Grantee and payable to the order of N and K properties, LLC. in the principal amount of One Hundred Twenty-Five Thousand Dollars ($125,000). This note is secured by a first and superior Vendor's Lien and Superior Title retained in this deed in favor of Grantors and transferred to N and K Properties, LLC by a first-lien deed of trust of even date from Grantee to Sharon B. Smith, Trustee.

10. It is notable that the consideration recitation in the Deed did *not* provide for $10 "*and other valuable consideration*" as is often the case with warranty deeds. But instead, the consideration for the sale of Stacey Court was $10 and a note payable *not* to the sellers but to N and K Properties. N and K Properties was the third-party *lender*. Thus, the note itself reflects no consideration paid the the Vaituulala's other than $10.

11. Further $10 did not actually change hands in this transaction.

12. Therefore, the transfer of 2005 Stacey Court was *wholly* without consideration.

13. However, it was not a gift because the Deed specifies that the Grantors retained a vendor's lien. The Deed specifies that the N and K note was secured by "…a first and superior Vendor's Lien" that was "*retained in this deed in favor of Grantors…*" Thus, the Grantors (the Vaituulala's) retained a vendor's lien.

---

[2] EXHIBIT 2 (Deed of Trust)

14. The Deed further provides in the last paragraph as follows:

   It is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the above described premises, is retained against the above prescribed property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.[3]

15. However, the Deed previously states that this vendor's lien was transferred to N and K Properties through a deed of trust:

   > Consideration … This note is secured by a first and superior vendor's Lien and Superior Title retained in this deed in favor of the Grantors and transferred to N and K Properties, LLC by a first-lien deed of trust…[4]

16. The Vaituulala's vendors lien was *not* transferred in the Deed of Trust. The Deed of Trust does not mention the lien and the Vaituulala's did not sign the deed of Trust, so the Deed of Trust could not have transferred their vendor's lien in the Deed of Trust.[5]

17. Thus, the absolute nature of the deed was contingent upon the transferee of the property paying the transferee's debt to a third party and the third party (N and K) obtained a security interest that was inferior to the vendor's lien retained by the Vaituulala's.

18. There is only one rational construction of this transaction is what actually, in fact, occur: The Vaituulala's transferred Stacey Court to their son for the sole purpose of permitting him to use it as collateral for a loan to his business. The verbal agreement between the Vaituulala's and their son was that AK Properties business would pay its loan to N and K and AK Properties would return the house to his parents and AK Builders paid nothing to the Vaituulala's for Stacey Court.

---

[3] EXHIBIT 1 (Deed), p. 2
[4] EXHIBIT 1 (Deed), p. 1
[5] EXHIBIT 2 (Deed of Trust)

19. The sale and the Deed of Trust are Texas instruments, filed in Texas and executed in Texas and secured by a Texas homestead. Hence, Texas law applies to the sale and to the Deed of Trust.

20. On the first Tuesday in April of 2020, N and K Properties, LLC foreclosed on Stacey Court. At that time, however, Mele Vaituulala was still living in Stacey Court and unaware of any threat to her homestead. She lives there to this day.

21. Ms. Vaituulala was not aware that she had executed a purported sale of the Property until the fall of 2022, nor was she aware that Stacey Court had be foreclosed until shortly before the commencement of this case.

22. On November 21, 2022, N and K Properties sued for eviction and this Chapter 11 proceeding was filed on the eve of that trial. The Justice Court dismissed the eviction proceeding.

23. The transfer of the Property from the Vaituulala's to AK Builders was a pretend sale made for the sole purpose of providing collateral for the owner's son's business loan.

## The Texas Constitution

24. The verbal agreement between Al Vaituulala, Jr. and his father included a condition of defeasance.

25. The Deed and the Deed of Trust contain conditions of defeasance (retention of vendors lien and superior title).

26. The sale was without consideration and was therefore a pretended sale.

27. The Texas Constitution provides the following in relevant part:

> All pretended sales of the homestead involving any condition of defeasance shall be void.[6]

---

[6] Texas Constitution Article XVI §50(c)

28. In the alternative, the transaction constituted a mortgage.

29. If so, then the mortgage is void because it does not comply with the Texas Home Equity Mortgage provisions which are also contained in the Texas Constitution.[7]

30. Therefore, N and K did not have a valid lien on the first Tuesday in April of 2020 when it foreclosed on Stacey Court because:

    a. The transfer of Stacey Court was a pretend sale and void pursuant to Texas Constitution Article XVI §50(c). Since the transfer of the property was void, the deed of trust that transferred the property to the trustee in the Deed of Trust was of no effect and the foreclosure based upon that Deed of Trust is therefore void.

    b. In the alternative, the transfer of Stacey Court was a mortgage that did not comply with the Texas Constitution Article XVI §50, generally that provides for home equity loans.

31. Since the sale of Stacey Court is void, the foreclosure is void and Mele Vaituulala is the rightful owner of Stacey Court.

32. Deed of Trust is void and Stacey Court is not encumbered by an N and K Properties lien.

WHEREFORE the debtor would move the Court to order that the lien upon which the foreclosure sale was based was contrary to law and non-existent and that the foreclosure sale was ineffective and that any purported lien held by N and K Properties is void and of no effect.

---

[7] See Texas Constitution Article XVI §50, generally.

Respectfully submitted by,

s/  Charles R. Chesnutt

CHARLES R. CHESNUTT, P.C.
2608 Hibernia Street, Office 107
Dallas TX 75204    Texas Bar 04186800

_____

972.248.7000
972.559.1872 (fax)
cc@chapter7-11.com

COUNSEL FOR MELE VAITUULALA


## Certificate of Service

The undersigned certifies that he served a copy of the above and foregoing on Marilyn Garner, counsel for N and K Properties as follows on March 5, 2023.

Marilyn Garner
2001 E. Lamar Blvd #200
Arlington TX 76006

s/ Charles R.Chesnutt