CHARLES R. CHESNUTT, P.C.
2608 Hibernia Street, Office 107
Dallas TX 75204

COUNSEL FOR MELE VIATUULALA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

IN RE:                                          CASE NO. 22-42980

    MELE VAITUULALA

DEBTOR

_____

MELE VAITUULALA                                 CASE NO. 23-04018

versus

N and K PROPERITES LLC

_____

### ANSWER TO MOTION TO DISMISS

TO THE HONORABLE MARK X. MULLIN

Now comes Mele Viatuulala and would show the Court the following:

1. The arguments is made in the first and second paragraph. Opposing arguments are made below.

2. "There is no evidence that the warranty deed contains evidence to defeasance"

    Paragraph 24. The verbal agreement between Al Vaituulala and his father included a condition of defeasance.

    Paragraph 13. "This is not a gift because the deed specifies that the grantors retained a vendors lien. The deed specifies that the N and K note was secured by a "first and superior Vendors Lien" that was "retained in this deed in favor of grantors

1

Paragraph 14 "It is expressly agreed that the vendors lien … is retained against said property … when this deed shall become absolute."

Paragraph 17 "The absolute nature of the deed was contingent upon the transferee or the property paying the transferees debt...

3. "...facts also established that N and K Properties were innocent third parties without knowledge."

The N and K persons were people with knowledge.

## Pretended Sales

A pretended sale requires that that seller 1) did not intend title to vest in the purchaser and 2) the transfer involved a condition allowing the seller to reclaim title to the property after loan is repaid.[1]

Fuller is cited.[2] However, Fuller does not hold that the claim of cancellation shall remain untouched. It reversed the judgment of the trial court and found two sales and held that there were two loans from that bank. The court held that both of them were invalid.

The court held that:

As we understand the reasoning is Anglin, when the parties to a simulated sale attempt to fix a lien on a homestead, to lien is invalid if the lender either (1) fails to pay additional consideration of (2) has knowledge or notice that the transaction is simulated. The homestead claimant need not establish both to avoid the lien.

And the Fuller court did not blame the party who knew of the transfer. Ethel Fuller testified that at the closing she made an inquiry of McLeaish as follows:

I thanked him how this, if it was possible in doing this, if he [sic] was going to move out of the house and he said,"Don't worry about this. This is paper only."

---

[1] Paull v Partners v Berry, 558 S.W.3d 802, 810 (Tex.App. 2018)
[2] Fuller v Preston Bank, 667 S.W.2d 214, 219 ((Tex. App. 1984)

2

So the courts held that the knowledge of the parties was irrelevant. It was the knowledge of the lender that made the difference.

There was no bank in Vaituualala. It was all a private. No money changed hands. The lender was receiving no money; the holder of the note (the son) was receiving no money. The Viatuulala's received no money. The only reason to foreclose was if that deal went south.

The courts held that it would have to check the testimony of the bank witnesses and it found it instructive.

> The supreme court, expressly held, however, that such a duty of inquiry is imposed on the lender even if it has paid a valuable consideration without actual knowledge of the invalid of the deed. Anglin 141 S.W.2d at 941.[3]

They held that

> As we understand the reasoning of Anglin, when the parties to a simulated sale attempt to fix a lien on a homestead, the lien is invalid if the lender either (1) fails to pay additional consideration or (2) has knowledge or notice that the transaction is simulated. The homestead claimant need not establish both.[4]

The other Tex-Wis Co. (and apparently the others as well) deals with adverse possession.

The fact yet to be determined is whether the lender knew.

### Intent Not to Vest Title in Stacy Court

There is no intent of Mele Viatuulala to vest title to this property in either the defendant or in the son. The fact of that there is no intent is strong evidence that this is a

---

[3] Fuller, 667 at 219 citing Anglin v Cisco Mortgage, 135 Tex. 188, 141 S.W.2d 935, 941 (1940)
[4] Fuller, 667 at 219, 220

3

deal for the sole purpose of exceeding the constitution. But whether she knew or did not know makes no difference.

### Expression of Defeasance

The expression of defeasance is found in the Warranty Deed.

But it is expressly agreed that the Vendor's Lien … is retained against the above property and improvements until the above described note and all interest thereon are fully paid...

And it is provided in the deed. Exactly the same language.

And it is provided in the transfer to N and K that the Grantor promises to;

Keep the property in good repair;
Not permit the disposal of hazardous substances;
Pay all taxes and assessments;
Preserve the lien's priority;
Maintain insurance;
Comply with coinsurance;
Deliver insurance policy to Beieficiary;
Keep buildings occupied as required by insurance;
If this is not first lien, pay all notes.

Note that the lien does not require payment of a note. And if the property is rented:

Grantor will apply all rent and other income and receipts to payments of the note and performance of this deed of trust, but if the rent and other income and receipts exceeded the amount due under to note and deed of trust, Grantor may retain the excess.

The rights of the homesteader were always protected.

4

N and K Properties are Innocent Third Parties

If N and K are innocent third parties then why did they sign a document that provided that Mele Vaituulala could live in her home for free.

Respectfully submitted by,

s/ Charles R. Chesnutt

CHARLES R. CHESNUTT, P.C.
2608 Hibernia Street, Office 107
Dallas TX 75204    Texas Bar 04186800
_____

972.248.7000
972.559.1872 (fax)
crc@chapter7-11.com

COUNSEL FOR MELE VIATUULALA

## Certificate of Service

The undersigned hereby certifies that on Tuesday, May 09, 2023 he caused a copy of the above and foregoing to be served on all those requesting service.

s/ Charles R. Chesnutt

5