D219290268 12/18/2019 9:20 AM PGS 5 Fee: $35.00 Submitter: CSC ERECORDING SOLUTIONS
Electronically Recorded by Tarrant County Clerk in Official Public Records  Mary Louise Nicholson
Mary Louise Nicholson

*NOTICE OF CONFIDENTIALITY RIGHTS:*
*IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED OF RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE*

# DEED OF TRUST

**THE STATE OF TEXAS** §
**COUNTY OF TARRANT** §

Date: December 17, 2019

Grantor: AK Builders and Coatings, Inc.
Grantor's Mailing Address (including county): 6624 Valley Hi Drive, Sacramento, California 95823

Trustee: Sharon B. Smith
Trustee's Mailing Address (including county): 1905 Central Drive, #103, Bedford Tarrant County, Texas 76021

Beneficiary: N and K Properties, LLC
Beneficiary's Mailing Address (including county): 5450 Thornwood Drive, San Jose, Santa Clara County, California 95123

Note(s)

Date: December 17, 2019

Amount: One Hundred Twenty-Five Thousand Dollars ($125,000.00)

Maker: AK Builders and Coatings, Inc.

Payee: N and K Properties, LLC

Final Maturity Date: January 28, 2020

Terms of Payment:

One Hundred Fifty Five Thousand Dollars ($155,000.00) due at maturity.

Property (including any improvements):

Lot 14, Block 1, COLONY HEIGHTS ADDITION, an addition to the City of Arlington, Tarrant County, Texas, according to the Plat thereof recorded in Volume 388-75, Page 36, Plat Records, Tarrant County, Texas.

DEED OF TRUST                                                                                                    Page 1

Prior Lien(s) (including any improvements):

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this Deed of Trust shall have no effect, and Beneficiary shall release it at Grantor's expense.

Grantor's Obligations

Grantor agrees to:
1. keep the property in good repair and condition;
2. Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the property;
3. pay all taxes and assessments on the property when due;
4. preserve the lien's priority as it is established in this deed of trust;
5. maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing
    b. contains an eighty percent (80%) coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;
6. comply at all times with the requirements of the eighty percent (80%) coinsurance clause;
7. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary as least ten (10) days before expiration.
8. keep any buildings occupied as required by the insurance policy, and
9. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

Beneficiary's Rights

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply an proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.

DEED OF TRUST    Page 2

4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sums to be reimbursed shall be secured by this deed of trust.

5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs in a prior lien note or other instrument, and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclosure this lien, in which case Beneficiary agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

Trustee's Duties

If requested by Beneficiary to foreclose this lien, Trustee shall:
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended; provided however, the notice provided by beneficiary must allow for a minimum of 60 days to cure;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of five percent (5%) of the bid;
   b. to Beneficiary, the full amount of principal, interest, and attorney's fees and other charges due and unpaid;
   c. any amounts required by law to be paid before payments to Grantor, and
   d. to Grantor, any balance.

General Provisions

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to any action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

DEED OF TRUST                                                                                              Page 3

4. This lien shall be superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or port of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payments of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or; if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.
10. The term note includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and may be exercised by successors in interest of all parties.
12. If Grantor and Maker is not the same person, the term Grantor shall include Maker.
13. Grantor represents that this deed of trust and note are given for the following purposes: Purchase Money for commercial real estate.

AK Builders and Coatings, Inc.

By: _____
Al Vaituulala

## ACKNOWLEDGMENT

THE STATE OF TEXAS     §
COUNTY OF TARRANT     §

BEFORE ME, the undersigned authority, personally appeared **Al Vaituulala, President of AK Builders and Coatings, Inc.**, and acknowledged to me that he executed same for the purposes and consideration therein expressed, pursuant to his corporate authority.

GIVEN UNDER MY HAND AND SEAL on this the 28 day of October, 2019.

[Notary Seal: WILLIAM RYAN IGLESIA, MY COMMISSION EXPIRES JULY 9, 2023, NOTARY ID: 130290754]

_____
Notary Public - State of Texas

**Return Original To:**
Sharon B. Smith, P.C.
1905 Central Drive, #103
Bedford, Texas 76021

DEED OF TRUST                                                                                              Page 5